| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | **United States District Court, Northern District of Illinois** | | | |
| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 00 C 3365 | DATE | NOVEMBER 7, 2000 | |
| CASE TITLE | First Financial Resources, a Delaware Corp., v. First Financial Resources, Corp., an Indiana Corp. | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, For the foregoing reasons, defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is GRANTED. This action is dismissed without prejudice.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

X No notices required, advised in open court. *
  No notices required.
  Notices mailed by judge's staff.
  Notified counsel by telephone.
  Docketing to mail notices.
X Mail AO 450 form. — Copy given out in Open Court
  Copy to judge/magistrate judge.

FILED FOR DOCKETING
00 NOV -7 PM 3: 54

vg(lc) courtroom deputy's initials

Date/time received in central Clerk's Office

NOV 08 2000
number of notices: 2
date docketed
docketing deputy initials
11-7-00  date mailed notice
mailing deputy initials
Document Number: 15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| First Financial Resources, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 00 C 3365 ) ) HONORABLE DAVID H. COAR |
| First Financial Resources, Corp., an Indiana Corporation, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before this is court is defendant First Financial Resources, Corp. ("defendant" or "FFRC-Newburgh"), an Indiana corporation, motion to dismiss the action brought by First Financial Resources ("plaintiff" or "FFR"), a Delaware corporation, pursuant to Fed.R.Civ.P. 12(b)(2) for a lack of personal jurisdiction, or in the alternative, to transfer the action, pursuant to 28 U.S.C. § 1406(a). For the following reasons, the defendant's motion is GRANTED.

### Statement of Facts

FFR is a financial services organization with 150 offices nationwide, in twenty-eight states. (FFR Web Site, Defendant's Exibit 2 (hereinafter Def.'s Ex. _ ), Def.'s Ex. 4). FFR is a Delaware corporation with its principal place of business in California. FFR's headquarters are in Costa Mesa, California. Founded in 1987, FFR is currently the national sales division of a the benefit funding operations of EPS Solutions, a national business services company. (FFR Web

1

Site, Def.'s Ex. 5). FFR obtained a federal trademark registration on the work mark "First Financial Resources" on July 2, 1991, for use in connection with "Insurance Brokerage Services." (Def.'s Ex. 6). The alleged first use of the mark in commerce by FFR was in 1987.

FFRC-Newburgh is an Indiana corporation with its principal place of business in southwestern Indiana in the town of Newburgh. (Affidavit of Jon R. Mooney, President of FFRC-Newburgh ¶ 2 (hereinafter "Mooney Aff. _"), Def.'s Ex. 1). FFRC-Newburgh is a financial planning firm which specializes in fee-based management. FFRC-Newburgh was incorporated as "First Financial Resources Corp." in Indiana. (Mooney Aff. ¶ 6, 15). FFRC-Newburgh is licensed to conduct business in Indiana and Kentucky. (Mooney Aff. ¶ 6, 15).

FFRC-Newburgh maintains a Web Site, www.noloadfundadivsor.com, which allows clients and potential clients to gather information as well as contact FFRC-Newburgh financial advisers via e-mail. FFRC-Newburgh does not accept orders or requests from financial planning services directed to its site and does not enter into contracts on the site. (Mooney Aff. ¶ 6). Customers of FFRC-Newburgh may check the status of an account with an I.D. and password. (Mooney Aff. ¶ 22-23).

FFR filed a three-count complaint in federal court located in the Northern District, Eastern Division, of Illinois, alleging violations of (1) the Lanham Act, 15 U.S.C. § 1125; (2) the Illinois Deceptive Trade Practices Act, 815 ILCS 510; and (3) the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505. (Plaintiff's Complaint). In its complaint, FFR premises jurisdiction over FFRC-Newburgh on the basis that " FFRC-Newburgh has, and continues to, systematically market and sell its products in Illinois. . . [and] . . . that FFRC-Newburgh is advertising its services nationally via the Internet." (Plaintiff's Complaint ¶ 4).

**Analysis**

Defendant files this motion to dismiss FFR's action pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, or in the alternative, to transfer the action, pursuant to 28 U.S.C. § 1406(a). For the follwing reasons, the defendant's motion to dismiss is GRANTED.

In Illinois, the plaintiff has the burden of demonstrating that personal jurisdiction exists. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir.1997). The allegations in plaintiff's complaint are to be taken as true unless controverted by the defendants' affidavits; any conflicts in the affidavits are to be resolved in plaintiff's favor. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir.1987).

To exercise personal jurisdiction over a foreign defendant in a federal question case, two elements must be present: (1) the exercise of jurisdiction must accord with due process, and (2) the defendant must be amenable to service of process. United States v. Martinez De Ortiz, 910 F.2d 376, 381 (7th Cir.1990). In federal question litigation, the statute upon which the action is based provides the rules for service of process on nonresident defendants. In this instance, neither the Lanham Act nor the Illinois claims authorize national service of process. Therefore, the Illinois long-arm statute must be applied to determine if defendants are amenable to service of process. See Fed.R.Civ.P. 4(k)(1)(A). There is proper jurisdiction in Illinois courts when: (1) jurisdiction is authorized under the Illinois long-arm statute, and (2) the minimum contacts required by due process are present. FMC Corp. v. Varonos, 892 F.2d 1308, 1310 (7th Cir.1990). The statute authorizes jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2-209(c). Thus, Illinois law allows the exercise of personal jurisdiction over defendants if doing so comports with the due process

3

provisions of both the federal and Illinois constitutions. See RAR, 107 F.3d at 1276.

The Due Process Clause of the Fourteenth Amendment limits when a state may assert personal jurisdiction over nonresident individuals and corporations. Id. at 1277. A state may assert general or specific jurisdiction over a defendant. General jurisdiction is present when the defendant has "continuous and systematic" contacts with the forum, while specific jurisdiction is present in a suit "arising out of or relating to" the defendant's contacts with the forum state. Id.

FFR alleges that this court may exercise general jurisdiction over FFRC-Newburgh because FFRC-Newburgh maintains systematic and continuos contact with Illinois by (1) marketing and selling its products in Illinois and (2) advertising its services nationally via the Internet. This court disagrees.

As to the plaintiff's first premise for alleging jurisdiction, FFR has not demonstrated by affidavit or otherwise that FFRC- Newburgh consents to general jurisdiction by maintaining or soliciting contact with Illinois businesses or clients. The plaintiff has not submitted any evidence to controvert the affidavit of Jon R. Mooney, President of FFRC-Newburgh stating that (1) FFRC-Newburgh has never had a place of business or customers in Illinois, (2) FFRC-Newburgh employees do not travel to Illinois, and (3) FFRC-Newburgh does not solicit customers from Illinois. Finally, FFRC-Newburgh does not have a license to practice in Illinois. In light of Mooney's affidavit, this court fails to see any way in which FFRC-Newburgh maintains contact with the state of Illinois, let alone contact that is "continuous and systematic."

The plaintiff next argues that FFRC-Newburgh submits to general jurisdiction in Illinois by operating a web site on the Internet. The nature and quality of commercial activity that the defendant conducts via its web site, however, does not rise to the level at which personal

4

jurisdiction may be constitutionally exercised.

In Ty Inc. v. Clark, 2000 WL 51816, *3 (N.D. Ill. Jan. 14, 2000), this court adopted the Zippo "sliding scale" approach in order to address the effect of the Internet on personal jurisdiction. In Zippo Manu. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Penn. 1997), the court held that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Id. at 1124. The three categories of commercial activity discussed in Zippo, and quoted in Ty, can be classified as (1) active (2) passive and (3) middle ground.

In this case, the defendant concedes that its web site falls in the middle ground category of the Zippo approach. The site allows clients and potential clients to gather information as well as contact FFRC-Newburgh financial advisers via email. FFRC-Newburgh, however, does not accept orders or requests for financial planning services and does not provide any method by which a customer could place an order or request for financial planning over the site. Further, FFRC-Newburgh does not enter into contracts on the site. The plaintiff contests FFRC-Newburgh's affadavit testimony which states that FFRC-Newburgh would not even accept an Illinois resident's business garnered through the site, however FFR provides no evidence to support its argument. The evidence presented to this court demonstrates that the only exchange of information over the FFRC-Newburgh site is through informational emails, and the site does not allow customers to enter into contracts or receive financial planning services over the Internet. Consequently, personal jurisdiction over the defendant based upon the existence of its web site is inappropriate.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction is GRANTED. This action is dismissed without prejudice.

Enter:

_____

David H. Coar

**United States District Judge**

**Dated:** NOVEMBER 7, 2000